IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION
_____

BRUCE FUSS,

               CV 12-83-M-DLC-JCL

     Plaintiff,

  vs.

               ORDER

BLUE CROSS AND BLUE SHIELD
OF MONTANA, INC.,

     Defendant.
_____

   The present action was filed on April 11, 2007.  Defendant Blue Cross and Blue Shield of Montana ("Blue Cross") removed the action to this Court on May 18, 2012, under authority of 28 U.S.C. §§ 1441 and 1446.

   By order entered May 21, 2012, the Court set a Fed. R. Civ. P. 16(a) preliminary pretrial conference for June 25, 2012.  Among other things, the referenced order also directed the parties to conduct a Fed. R. Civ. P. 26(f) discovery planning conference and provided that a party could commence discovery upon providing a Rule 26(a)(1) initial disclosure to opposing parties.  On June 5, 2012, the Court entered an order upon the unopposed motion of Plaintiff Bruce Fuss vacating the preliminary pretrial conference order of May 21,

1

2012, pending disposition of Plaintiff Fuss's anticipated motion to remand. The motion for remand was filed on June 7, 2012, and is not yet ripe for ruling.

An apparent dispute between the parties regarding the status of discovery prompted Defendant Blue Cross to file a motion titled "Motion to Clarify" which is now before the Court. In substance, the motion asks the Court to state whether the June 5, 2012 vacation order was intended to stay discovery. Plaintiff Fuss vehemently objects to the motion, arguing that the motion is "based on the flawed premise that the Court issued a stay" when in fact the Court simply vacated the preliminary pretrial conference order. Dkt. 22, pp. 4-5. Resolution of the parties' dispute as to the effect of the Court's vacation order of June 5, 2012, is controlled — not by the text of the order — but by the text of Fed. R. Civ. P. 26.

Unless authorized by local rule, order or stipulation of the parties, Rule 26(d) precludes a party from engaging in discovery before the parties have conferred as required by Rule 26(f). Thus Rule 26(d) imposes a moratorium — i.e., the suspension of a specific activity, *Black's Law Dictionary* 1101 (Bryan A. Garner ed., 9th ed., West 2009) — on discovery before the Rule 26(f) conference. Fed. R. Civ. P. 26, Advisory Committee Notes (2000 amendments). Rule 26(f)(1), in turn, requires the parties to confer "as soon as practicable — and in any event at

least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."

As noted, the Court's May 21, 2012, preliminary pretrial conference order established a date certain by which the parties' were to convene their Rule 26(f) conference, but permitted either party to lift the moratorium on discovery prior to the conference by serving a Rule 26(a)(1) initial disclosure.  But when the preliminary pretrial conference order was vacated at the request of Plaintiff Fuss, the Rule 26(d) moratorium on discovery was put back in place by operation of Rule 26 itself.  Consequently, there exists no need for clarification of the Court's order of June 5, 2012, and the motion is denied as moot.

IT IS SO ORDERED.

DATED this 21st day of June, 2012.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge